**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| AMY BEJARANO,<br><br>*Plaintiff,*<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br><br>*Defendants.* | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-7386 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): **Amy Bejarano** ____________________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ______________________________,

as ____________________ of the estate of ____________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ______________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ______.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

✓ Novo Nordisk Inc.

✓ Novo Nordisk A/S

_________ Eli Lilly and Company

_________ Lilly USA, LLC

_________ other(s) (identify):

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence): **Gilbert, AZ**

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

**Arizona**

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue: **Arizona**

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

**Gilbert, AZ**

10. Jurisdiction is based on:

___✓___ diversity of citizenship pursuant to 28 U.S.C. § 1332

_______ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

**United States District Court for the District of Arizona, Phoenix Division**

12. Venue is proper in the District Court identified in Paragraph 11 because:

___✓___ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there;

_______ other (plead in sufficient detail as required by applicable rules):

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

**Defendant Novo Nordisk Inc. is a Delaware corporation with a principal place of business at 800 Scudders Mill Rd., Plainsboro, NJ. Defendant Novo Nordisk A/S is a public limited liability company organized under the laws of Denmark with a principal place of business in Bagsvaerd, Denmark.**

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

_________ Ozempic (semaglutide)

____✓____ Wegovy (semaglutide)

_________ Rybelsus (oral semaglutide)

_________ Saxenda (liraglutide)

_________ Trulicity (dulaglutide)

_________ Mounjaro (tirzepatide)

_________ Zepbound (tirzepatide)

_________ other(s) (identify):

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product): **Plaintiff used Wegovy from approximately August 2024 through January 2025.**

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

__________ Gastroparesis

__________ Other gastro-intestinal injuries (specify):

______________________________________________

____✓_____ Ileus

__________ Ischemic Bowel/Ischemic Colitis

__✓__ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify)

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify):

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

**Plaintiff was diagnosed with an ileus in January 2025 and with intestinal obstruction in May 2026.**

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__✓__ Injury to self

_____ Injury to person represented

__✓__ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify):

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ✓ | Court I: | Failure to Warn – Negligence |
| ✓ | Count II: | Failure to Warn – Strict Liability |
| ✓ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ✓ | Count IV: | Breach of Implied Warranty |
| ✓ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ✓ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✓ | Count VII: | Negligent Misrepresentation/Marketing |
| ✓ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ✓ | Count IX: | Innocent Misrepresentation/Marketing |
| ✓ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ✓ | Count XI: | Negligence |
| ✓ | Count XII: | Negligent Undertaking |
| ✓ | Count XIII: | State Product Liability Act (see below) |
| | Count XIV: | Wrongful Death |
| | Count XV: | Loss of Consortium |
| | Count XVI: | Survival Action |
| | Other(s) | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

**Counts V, VI, and X: see Attachments A, B, and C.**

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

**a.** Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: **Arizona Consumer Fraud Act ("ACFA"), A.R.S. §§ 44-1521 et seq., including A.R.S. § 44-1522(A).**

**b.** Identify the factual allegations supporting those claims (by subsection, if applicable): **See Attachment C, which is incorporated herein by reference.**

**** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

**a.** Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims: **Arizona Revised Statutes §§ 12-681 through 12-689.**

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim: **To the extent applicable, Plaintiff's product liability claims arising from the manufacture, design, formulation, testing, labeling, warning, marketing, distribution, sale, and use of the GLP-1 RA Product(s) at issue are governed by Arizona's product liability statutes, A.R.S. §§ 12-681 et seq. Plaintiff does not allege that Arizona's product liability**

**statutes subsume Plaintiff's independent fraud, misrepresentation, or consumer-protection claims.**

**c.** Identify the factual allegations supporting those claims: **To the extent Arizona's product liability statutes apply, Plaintiff incorporates by reference Attachments A and B and Master Complaint ¶¶606-849 and 866-903.**

**** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **Not required.** If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: September 24, 2026

By: */s/ Edward B. Mulligan V*
Edward B. Mulligan V, IN Attorney #29400-53
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Phone: (317) 636-6481
*nmulligan@cohenmalad.com*

# ATTACHMENT A

**ATTACHMENT A**

**FRAUDULENT CONCEALMENT/FRAUD BY OMISSION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 721-779 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4. As alleged in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products were unreasonably dangerous because of the increased risk of gastroparesis; gastroparesis requiring hospitalization or emergency care; refractory gastroparesis potentially leading to debilitating secondary conditions such as Wernicke's encephalopathy; gastroenteritis; micronutrient deficiencies, including but not limited to deficiencies of vitamin C, D, thiamine or B12; hypovitaminosis; cyclical vomiting; bowel/intestinal obstruction/blockage; ileus; gallbladder conditions necessitating surgery; esophageal injury; bowel injury; intraoperative aspiration; acute necrotizing pancreatitis; ischemic bowel; muscle wasting; dehydration and their sequelae, especially when the drug was used in the form and manner as provided by Defendants.

5. As described in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration. Defendants omitted and failed to disclose the true nature of these adverse events and affirmatively misrepresented their significance.

6. As alleged in the Master Complaint, Defendants' extensive multifaceted advertising, marketing and promotion of GLP-1 RAs consistently highlighted and overstated the weight loss benefits of taking a GLP-1 RA Product while omitting and concealing other information that would be material to any Plaintiff weighing the risks and benefits of taking a GLP-1 RA Product.

7. Plaintiff saw television advertisements for Defendants' products in or about the summer of 2024.

8. As alleged in the Master Complaint, Defendants' omissions and concealment of material facts were made purposefully, willfully, wantonly, and/or recklessly in order to mislead and induce medical and healthcare providers, such as Plaintiff's prescribing physicians, and patients, such as Plaintiff, to dispense, provide, prescribe, accept, purchase, and/or consume GLP-1 RA Products.

9. Plaintiff relied to her detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products and their effect on weight-loss and treating diabetes as contained in Defendants' marketing materials and/or advertisements, including but not limited to in Defendants' television advertisements.

10. Plaintiff relied on Defendants' advertisements to give her the impression that Defendants' GLP-1 RA Products would benefit her diabetes treatment and her weight.

11. Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

12. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks, as alleged in the Master Complaint.

13. Defendants' fraudulent concealments and omissions were a substantial factor in causing Plaintiff's injuries.

14. As a direct and proximate result of Defendants' fraudulent concealments and omissions, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 of the Short Form Complaint.

# ATTACHMENT B

**ATTACHMENT B**

**FRAUDULENT / INTENTIONAL MISREPRESENTATION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 780-800 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4. As alleged in the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration.

5. As alleged in the Master Complaint, in the labels, advertising, promotion, and marketing, Defendants intentionally misstated and downplayed the nature, severity, and intensity of gastrointestinal adverse events resulting from the use of GLP-1 RA Products.

6. Plaintiff saw television advertisements for Defendants' products in or about the summer of 2024.

7. Plaintiff relied to her detriment on Defendants' misrepresentations concerning the GLP-1 RA Products and their effect on weight-loss and treating diabetes as contained in Defendants' marketing materials and/or advertisements, including but not limited to in Defendants' television advertisements.

8. Plaintiff relied on Defendants' advertisements to give her the impression that Defendants' GLP-1 RA Products would benefit her diabetes treatment and her weight.

9. Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

10. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks as alleged in the Master Complaint.

11. Defendants' fraudulent statements and intentional misrepresentations were a substantial factor in causing Plaintiff's injuries.

12. As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, including those set forth in paragraphs 16 to 18 of the Short Form Complaint.

# ATTACHMENT C

## ATTACHMENT C

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-865 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute and relevant subsections identified in Paragraph 20(a) of the Short Form Complaint (the "Statute"). The Arizona Consumer Fraud Act ("ACFA" or the "Statute"), A.R.S. §§ 44-1521 et seq., prohibits deception, deceptive or unfair acts or practices, fraud, false pretenses, false promises, misrepresentations, and the concealment, suppression, or omission of material facts with intent that others rely on such concealment, suppression, or omission, in connection with the sale or advertisement of merchandise. A.R.S. § 44-1522(A).

4. Defendants are "persons" within the meaning of A.R.S. § 44-1521(6), and the GLP-1 RA Products constitute "merchandise" within the meaning of A.R.S. § 44-1521(5).

5. Plaintiff purchased and/or used one or more GLP-1 RA Products for personal use and was a consumer of the merchandise advertised and sold by Defendants.

6. Defendants are manufacturers, advertisers, promoters, distributors, and/or sellers ofthe GLP-1 RA Products and are subject to the ACFA for unlawful practices committed in connection with the sale or advertisement of those Products.

7. Defendants designed, manufactured, assembled, inspected, tested (or failed to adequately test), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce. In connectionwith

the sale or advertisement of those Products, Defendants were prohibited by the ACFA from engaging in deception, deceptive or unfair acts or practices, fraud, false pretenses, false promises, misrepresentations, or the concealment, suppression, or omission of material facts with the intent that others rely on such concealment, suppression, or omission.

8. Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Arizona; sold and/or distributed GLP-1 RA Products to Arizona residents, including Plaintiff; and otherwise engaged in conduct in connection with the sale or advertisement of GLP-1 RA Products in Arizona.

9. As alleged in the Master Complaint, Defendants engaged in deceptive, misleading, false, and/or fraudulent acts or practices in violation of the Statute by, among other things:

a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

10. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

11. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

12. The information referenced above that Defendants misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to her health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

13. Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

14. Defendants violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

15. Defendants violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16. Plaintiff saw television advertisements for Defendants' products in or about the summer of 2024.

17. Plaintiff relied to her detriment on Defendants' misrepresentations and omissions about the GLP-1 RA Products, weight-loss, and diabetes contained in Defendants' marketing materials and/or advertisements in deciding to purchase and use GLP-1 RA Products, including but not limited to Defendants' television advertisements.

18. Plaintiff relied on Defendants' advertisements to give her the impression that Defendants' GLP-1 RA Products would benefit her diabetes treatment and her weight.

19. Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

20. Plaintiff was not adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks as alleged in the Master Complaint.

21. Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

22. By consistently and pervasively understating the risks and overstating the benefits of taking GLP-1 RA Products, Defendants engaged in deception, deceptive or unfair acts or practices, fraud, false pretenses, false promises, misrepresentations, and/or concealment, suppression, or

omission of material facts in connection with the sale or advertisement of merchandise, in violation of A.R.S. § 44-1522(A). With respect to Defendants' alleged concealments, suppressions, and omissions, Defendants acted with the intent that consumers, including Plaintiff, rely on the absence of the omitted material safety and efficacy information.

23. Defendants' conduct described herein constitutes unlawful practices under A.R.S. § 44-1522(A), including alleged deception, deceptive or unfair acts or practices, misrepresentations, and the concealment, suppression, or omission of material facts in connection with the sale and advertisement of the GLP-1 RA Products. Defendants intended that consumers such as Plaintiff rely upon their concealment, suppression, and omission of material facts when deciding whether to purchase and/or use the Products.

24. Plaintiff actually relied on Defendants' misrepresentations and material omissions in deciding to purchase and/or use the GLP-1 RA Products. Had Plaintiff known the material information Defendants withheld and concealed, Plaintiff would not have purchased and/or used the GLP-1 RA Products.

25. Plaintiff's actual reliance on Defendants' alleged misrepresentations and material omissions caused consequent and proximate injury, including actual damages and other compensable losses as alleged in the Short Form Complaint.

26. As alleged above, Defendants had knowledge of material safety and risk information concerning the GLP-1 RA Products and nevertheless failed to adequately disclose that information to Plaintiff, prescribing healthcare providers, and consumers.

27. As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 of the Short Form Complaint.

28. Accordingly, Plaintiff seeks all damages and relief available under Arizona law, including actual damages and, where supported by the evidence and applicable law, punitive damages, together with costs and such other relief as the Court deems just and proper.

29. To the extent any applicable law requires pre-suit notice or satisfaction of any other condition precedent, Plaintiff has complied or substantially complied with all such requirements or is otherwise excused from compliance.